## CITY OF LOS ANGELES v. BORAX CONSOLIDATED LIMITED et al.

District Court, S. D. California, Central Division.

Nov. 20, 1933.

Newlin & Ashburn, of Los Angeles, Cal. (Allen W. Ashburn, of Los Angeles, Cal., of counsel), for Borax Consolidated Limited.

Loren Butts, City Atty., of Los Angeles, Cal., for City of Los Angeles.

COSGRAVE, District Judge.

The city of Los Angeles brings suit against defendants wherein it seeks to quiet title to portions of Mormon Island located in Los Angeles Harbor, claiming the same as tide land. The plaintiff claims title by legislative grant from the state which, on its admission to the Union, was vested with title to all tide lands by virtue of its sovereignty. The island itself comprises some eighteen acres. The central portion is conceded by the plaintiff to be land originally belonging to the public domain, but plaintiff claims that the northerly and southerly portions, respectively, are below the line of high tide and therefore the property of the plaintiff.

The plaintiff introduced evidence from which the conclusion might be drawn that the land in question is below the line of ordinary high-water mark.

The pleadings admit that the entire island was included in a United States patent issued to defendants' predecessor in interest pursuant to a pre-emption entry and was surveyed as public land open to entry; the survey duly filed and proof made of the character of the land and United States patent issued; that all proceedings done and had before the land department were sufficient to vest title in defendants' predecessor in interest, but plaintiff denies the effect of these proceedings on the ground that the land was not part of the public domain.

■ The question presented therefore is whether or not, these facts being conceded, the validity of the United States patent can be thus collaterally questioned.

It is conceded that tide lands are the property of the state, not a part of the public domain and may not be disposed of by the

282

United States. As suggested, a portion of the island is conceded to have been part of the public domain, but the contention of the plaintiff is that an error was made in the survey with the result that portions really tide land were improperly included in the survey of the high land by the land department and no power existed in the United States thus to divest the state's title.

■■ The disposition of the public land is under the exclusive control of the land department under the Secretary of the Interior. The land department has no control over state lands. Nevertheless, it has the exclusive power to determine the identity of public lands.

"The land department is charged with the duty of surveying the public lands, and must primarily determine what are public lands subject to survey and disposal under the public land laws, what lands have been surveyed, what are to be surveyed, what have been disposed of, what remain to be disposed of, and what are reserved, and its exercise of jurisdiction cannot be questioned by the courts before it has taken final action." 50 C. J. 1074.

■ After such final action, the decision of the land department may not be inquired into except in a direct proceeding. The title of the state to tide land is similar to swamp and overflow lands and it is generally conceded that the action of the land department in determining the identity of such lands is conclusive.

· "A decision of the secretary of the interior as to whether certain lands are within the terms of the swamp land grant is conclusive in the absence of fraud, and cannot be collaterally attacked." 43 USCA § 983, note 6.

In support of the foregoing statement a long list of authorities is cited.

The land department had exclusive jurisdiction to determine the character of Mormon Island. This must be so because the plaintiff itself concedes that its action was regular and correct with respect to a certain portion of the island. Possessing jurisdiction to ascertain whether or not the island was above the line of ordinary high tide, an error in this ascertainment, that is an error in the quantity of the surface of the island which was of this character cannot deprive the land department of its jurisdiction.

"That the power to make and correct surveys of the public lands belongs to the political department of the government, and that, while the lands are subject to the supervision of the general land-office, the decisions of that bureau in all such cases, like that of other special tribunals upon matters within their exclusive jurisdiction, are unassailable by the courts, except by a direct proceeding, and that the latter have no concurrent or original power to make similar corrections, if not an elementary principle of our land law, is settled by such a mass of decisions of this court that its mere statement is sufficient." Cragin v. Powell, 128 U. S. 691, 9 S. Ct. 203, 206, 32 L. Ed. 566, 568.

The patent in this case was issued in 1880. The statute in existence at that time required that, before final proof was made, the pre-emptor should file with the register of the land office a notice of his intention so to do. It was the duty of the register then to publish a notice of the hearing for a period of thirty days in a newspaper published nearest to the land involved. 20 Stat. 472, Act March 3, 1879 (43 USCA § 251). This was notice to the world of the intention of the pre-emptor to claim the land as a part of the public domain.

"A patent issued by the land department for land which is within its jurisdiction and power of disposition is not open to collateral attack for either mistake of fact or error of law on the part of the land department, and the patentee can be deprived of his rights only by direct proceedings in equity to which he must be a party and of which he must have notice." 50 C. J. 1106.

The motion to dismiss plaintiff's complaint should be granted and it is so ordered. Exception to the city of Los Angeles.